IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jackqyln Dale Clark<br>Harold Eugene Clark Sr. aka Harold Eugene Clark<br><br>Debtors | CHAPTER 13 |
| U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, National Association, (formerly known as First Union National Bank) as Trustee, for Long Beach Mortgage Loan Trust 2001-4<br><br>Movant<br>vs. | NO. 17-02060 HVW<br><br>11 U.S.C. Section 362 |
| Jackqyln Dale Clark<br>Harold Eugene Clark Sr. aka Harold Eugene Clark<br><br>Debtors | |
| Charles J. DeHart, III, Esquire<br>Trustee | |

## CONSENT ORDER ON MOTION FOR RELIEF FROM STAY

1. The above-styled Motion having been scheduled for a hearing before the Court on **February 9, 2021,** upon Notice of Assignment of Hearing to each of the above-captioned parties in interest, and it appearing to the Court that the parties consent hereto:

2. FURTHER IT IS HEREBY ORDERED that the Motion for Relief from Stay is denied, as the parties herein agree that the interest of Movant is adequately protected by payment and performance as more particularly set forth hereinafter.

3. FUTHER ORDERED that as of **January 26, 2021,** the post-petition arrearage has been cured with the account owing for February 1, 2021, with $456.94 in suspense.

4. Ongoing, Debtor is ordered to pay the remaining amount owing for February 2021, totaling a sum of **$387.24**, by February 28, 2021. Payment should be sent to: Select Portfolio Servicing, Inc. Attn: Remittance Processing P.O. Box 65450 Salt Lake City, UT 84165-0450.

5. Regular payments in the amount of **$844.18** to be paid on or before **March 1, 2021** and any additional amount as required or allowed by the Note and Security Instrument. Payments should be sent to: Select Portfolio Servicing, Inc. Attn: Remittance Processing P.O. Box 65450 Salt Lake City, UT 84165-0450.

6. FURTHER ORDERED that should Debtor(s) default in payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Loan Documents, for the life of the bankruptcy then upon notice of default sent by first class mail to Debtor(s), attorney for Debtor(s) and the Trustee, and failure of Debtor(s) to cure such default within **fifteen (15)** days from the date of receipt of such notice, Movant may file a motion and affidavit of default, with service upon Debtor(s), attorney for Debtor(s) and the Trustee, and the Court may enter an Order releasing Movant from the automatic stay, without further notice or hearing.

7. FURTHER ORDERED that in the event relief from the automatic stay is later granted, the Trustee shall cease funding any balance of Movant's claim, and the provisions of Fed. R. Bank. P. 4001(a)(3) may be waived.

8. FURTHER ORDERED that upon completion of any foreclosure sale, any funds in excess of the amount due to Movant and to any subordinate lienholder(s)

properly entitled to receive proceeds under applicable State Law that would otherwise be payable to the Debtor(s), shall be paid to the Trustee by the entity receiving the funds from the foreclosure sale for the benefit of the Estate while the Debtor(s) remains in bankruptcy.

Dated this 26th day of January 2021.

CONSENTED TO BY:

/s/Rebecca A. Solarz, Esq.
Attorney for Movant

**Kara Katherine Gendron, Esquire**
**Attorney for Debtors**

for **Charles J. DeHart, III**
**Chapter 13 Trustee**