## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| HAROLD EUGENE CLARK, SR | : | |
| AKA HAROLD EUGENE CLARK | : | CASE NO. 1:17-bk-02060 |
| JACKQYLN DALE CLARK | : | |
|     Debtors | : | |
| | : | |

### MOTION TO EXEMPT DEBTOR FROM REQUIREMENT TO COMPLETE INSTRUCTIONAL COURSE CONCERNING PERSONAL FINANCIAL MANAGEMENT AND OFFICIAL FORM 2830 (CERTIFICATIONS REGARDING DOMESTIC SUPPORT OBLIGATIONS AND 11 USC 522Q)

COMES NOW the Debtor, by and through Mott & Gendron Law and moves to exempt the Joint Debtor from the post-petition Financial Management requirement and from filing Official form 2830, respectfully stating in support thereof as follows:

1. The Debtors filed the above-captioned bankruptcy petition on May 18, 2017.

2. 11 U.S.C. §727(a)(11) provides that the court shall grant the debtor a discharge unless, "after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111, except that this paragraph shall not apply with respect to a debtor who is a person described in section 109(h)(4) ..."

3. 11 U.S.C. §109(h)(4) provides that the requirement (to obtain a credit counseling certificate) "shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, "incapacity" means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and

"disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or internet briefing required under paragraph (1)

4. The Joint Debtor, Jackqyln Dale Clark, died on April 8, 2018 and is therefore incapable of making rational decisions with respect to her financial responsibilities and is so physically impaired that she is unable to participate in an in-person, telephone briefing.

5. The Debtor seeks to waive the requirement to complete an instructional course concerning personal financial management for Jackqyln Dale Clark.

6. The Debtor also seeks an exemption from filing Official Form 2830 (Certifications Regarding Domestic Support Obligations and 11 USC 522q -- for discharge --) for Jackqyln Dale Clark because she is deceased.

WHEREFORE, the Debtor moves for an exemption from the requirement to file a Certificate of Financial Management and Official Form 2830 (Certifications Regarding Domestic Support Obligations and 11 USC 522q -- for discharge --) because Jackqyln Dale Clark is deceased.

Respectfully submitted,

/s/ Dorothy L. Mott

_____
Dorothy L. Mott Esquire
Dorothy L. Mott Law Office, LLC
125 State Street
Harrisburg, PA 17101
(717) 232–6650 Telephone
(717) 232-0477 Fax
doriemott@aol.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| HAROLD EUGENE CLARK, SR | : | |
| AKA HAROLD EUGENE CLARK | : | CASE NO. 1:17-bk-02060 |
| JACKQYLN DALE CLARK | : | |
|     Debtors | : | |
| | : | |

## **O R D E R**

UPON CONSIDERATION of the Motion to Exempt the Debtor from the requirement to file a Certificate of Financial Management and Official Form 2830 (Certifications Regarding Domestic Support Obligations and 11 USC 522q -- for discharge --), and cause appearing therefore, it is hereby

ORDERED AND DECREED that the Joint Debtor, Jackqyln Dale Clark is exempted from filing a Certificate of Financial Management and Official Form 2830 (Certifications Regarding Domestic Support Obligations and 11 USC 522q -- for discharge --)